## Sherry & O'Leary, Inc. v. Fidelity & Casualty Co. of New York

*Edmund W. Ridall,* for plaintiff.

*John G. Kish, Robert F. McCabe* and *Howard V. Heck,* for defendants.

McLean, J., February 10, 1967.—The court has before it preliminary objections to an amended complaint filed by defendant, Groomes Corporation, against the additional defendant, T. K. Jacob, and a motion of additional defendant for judgment on the pleadings. The objections and motion for judgment are before the court as a result of the pretrial conciliation of the case. The facts of the case are as follows.

Plaintiff plumbing subcontractor filed this suit in assumpsit against defendant Groomes Corporation, the general contractor whose subcontractor plaintiff is. It is alleged that defendant, in November 1963, entered into a written contract whereby it agreed as general contractor to construct an office building for T. K. Jacob, herein sometimes called the owner. Next, on December 31, 1963, defendant contractor entered into a written contract with plaintiff in which plaintiff agreed as subcontractor to do the plumbing and sewage

construction in the building for a contract price of $17,500.

Plaintiff alleges that after it expended $12,568.60 for labor and material and incurring other expenses in performing its contract in part, it was excluded from the construction site by defendant general contractor and denied permission to complete its work, all in violation of the contract, on the asserted ground that plaintiff's work had failed to meet the contract standards and specifications. It is on this alleged breach of contract that plaintiff brought its action.

Defendant general contractor then filed a complaint to join the owner, T. K. Jacob, as additional defendant, alleging that if defendant was liable to plaintiff, the owner was liable over to defendant.

On December 30, 1966, additional defendant owner filed a motion for judgment on the pleadings, asserting no cause of action was stated against him. No action was taken on this motion, as it was agreed in the conciliation conference that defendant should file an amended complaint which might cure the problems raised by the motion.

Defendant on January 11, 1967 amended its complaint against additional defendant to allege that plaintiff had been excluded from the job site by defendant on orders from additional defendant owner not to allow any representative of plaintiff to enter on the property, and that owner further insisted that defendant turn the plumbing work over to another subcontractor. Defendant claims that it did not receive any payment from owner for work done by plaintiff and that owner is the party solely responsible to plaintiff or liable over to defendant in the amount recoverable by plaintiff, as owner would otherwise be unjustly enriched.

Additional defendant has filed preliminary objections to defendant's amended complaint, stating first that it failed to state a cause of action, and, second, that

there is a prior suit pending between defendant Groomes and addititonal defendant Jacob.

It is the court's opinion that the first preliminary objection should be sustained and the second overruled.

Section 2252(a) of the Pennsylvania Rules of Civil Procedure provides:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon* or jointly or severally liable thereon with him". (Italics added).

The Pennsylvania courts have interpreted this provision to mean that an additional defendant may be joined by defendant only if defendant's asserted cause of action is the same as that which plaintiff has pleaded: Josal, Inc. v. Rolling Park Homes, Inc., 195 Pa. Superior Ct. 646 (1961); Marple Township v. Mar-Ann Holding Company, 404 Pa. 487 (1961); Altoona Central Bank and Trust Company v. American Casualty Company of Reading, 415 Pa. 39 (1964). In Josal, supra, defendant breached an agreement with plaintiff to remove excess dirt from the latter's property. An additional defendant who had agreed to remove this dirt for defendant and had failed to do so was joined. This additional defendant joined another additional defendant for the breach of a similar agreement to remove this soil for the first additional defendant. Preliminary objections were filed by the last defendant to be joined. They were sustained on the ground that the additional defendant's cause of action was not the cause of action sued upon by plaintiff.

In Marple Township v. Mar-Ann Holding Company, supra, plaintiff township brought an action against a contractor for alleged defective paving work. The contractor joined his subcontractor who, in turn, joined a

further additional defendant on the grounds of supplying defective concrete. It was held that the joinder of the supplier by the subcontractor violated Pa. R. C. P. 2252(a) on the basis that the liability between the additional defendants did not arise out of the original contract between plaintiff and defendant, but rather on a separate contract.

The question presented in Altoona Central Bank and Trust Company v. American Casualty Company, supra, was whether a contractor's surety being sued by the owner for a default by the contractor on a construction contract could join as an additional defendant the architect who allegedly issued certificates for work not performed. Again the court held that the joinder was improper, since the architect was not a party to the construction contract between the owner and the surety.

It is the court's opinion that any rights which defendant contractor may have against the owner represent a different cause of action from that sued upon by plaintiff. Owner was not a party to the contract between plaintiff and defendant, and defendant acted at its own peril in excluding plaintiff on owner's demand. For this reason, owner was improperly joined as an additional defendant.

The second preliminary objection raised by the additional defendant is that there is pending a prior action of defendant contractor as plaintiff against owner as defendant. In order to sustain the defense of the pendency of a prior action, the case must be the same, the parties the same, the cause of action the same, and the rights and relief the same in both cases: Goodrich-Am. §1017(b)5. The instant suit by plaintiff subcontractor against defendant contractor in which owner is joined as additional defendant is not the same case. In the other case, contractor is seeking to recover on its own cause of action against owner, while in the present case contractor is defending a cause of action claimed by

plaintiff. The second preliminary objection is not well founded.

## ORDER

And now, February 10, 1967, it is ordered, adjudged and decreed that the preliminary objection of additional defendant T. K. Jacob, demurring to the amended complaint by which he was joined as an additional defendant is sustained, and said complaint to join additional defendant is dismissed without prejudice to defendant Groomes Corporation to assert its rights against additional defendant, if any, in a separate law suit.