## Schladensky *v.* Ellis, Appellant.
## Bingnear *v.* Ellis, Appellant.

472

Argued November 11, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James J. McCabe,* with him *David T. Sykes,* and *Duane, Morris & Heckscher,* for appellant.

*J. Paul Erwin, Jr.,* with him *White and Williams,* for appellee.

*Joseph G. Manta,* with him *William B. Freilich, James M. Marsh,* and *LaBrum and Doak,* for appellee.

*Lawrence E. Grant* and *Richter, Syken, Ross, Binder & O'Neill,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 25, 1971:

William Schladensky and Joseph Bingnear, employees of the General Electric Company in Philadelphia, were injured on November 6, 1965, allegedly when a hydraulic lift on which they were working malfunctioned. The lift which caused these injuries was manufactured by Lift-O-Loft Corporation, an Indiana concern; sold by the latter to Mobile Industrial Equipment Corporation which in turn sold it to General Electric.

Schladensky and Bingnear retained Jerome H. Ellis, Esq., as their attorney, and he told them that suits would be instituted both against the manufacturer of the lift [Lift-O-Loft] and the company which sold and serviced the machinery [Mobile]. But such actions were never instituted.

On February 14, 1969, Bingnear and the administratrix of Schladensky's estate[1] instituted these malpractice suits against Attorney Ellis for the loss suffered as a result of his "negligent failure to bring timely suit". On April 18, 1969, Ellis caused writs to issue joining Lift-O-Loft and Mobile as additional defendants in the actions averring that their negligence in placing the defective and dangerous hydraulic lift into the field of commerce, and breach of express and implied warranties in connection with the sale thereof, rendered these corporate defendants liable for the injuries suffered by Bingnear and Schladensky on November 6, 1965. Preliminary objections to the Ellis complaint filed by Lift-O-Loft and Mobile alleging misjoinder of causes of action were sustained by the court below. Ellis then filed these appeals.

The actions against Ellis were commenced on February 14, 1969. The writs of joinder were issued on April

---

[1] Schladensky died subsequent to the accident and his wife now brings this action in behalf of his estate.

18, 1969 and Ellis' third-party complaint was filed on June 20, 1969.

On the dates above mentioned the Pennsylvania Rules of Civil Procedure [No. 2252(a)] provided the following as to the joinder of additional defendants: "In any action the defendant or any additional defendant may file, as of course, a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

On June 27, 1969, Rule 2252(a) was amended [effective September 1, 1969] and the following was added: ". . . or who may be liable to the joining party on any cause of action which he may have against the joining party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350-51, 185 A. 2d 517, 520 (1962), we pertinently said: "While substantive rights are settled as of the time the cause arises, rights in procedural matters . . . are determined by the law in force at the time of the institution of the action. See Baker v. Aetco Equipment Co., 19 Pa. D. & C. 2d 526 (1958); Elliott v. United States Steel Export Co., 186 F. Supp. 57 (1960); Florio v. Powder Power Tool Corporation, 248 F. 2d 367 (3d Cir. 1957); Koll v. Pickford, 353 Pa. 118, 44 A. 2d 276 (1945)."

Also Pa. R.C.P. No. 152 relating to the construction of Amendatory Rules provides that whenever a Rule is amended "the new provisions shall be construed as effective only from the date when the amendment became effective [here September 1, 1969]."

It is clear, therefore, that the unamended version of Rule 2252(a) applies in the instant case. In construing this Rule we said in *Steele v. Sheppard*, 402 Pa.

33, 165 A. 2d 666 (1960), that the cause of action on which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant. See, also, *Land Title Bank and Trust Co. v. Cheltenham National Bank*, 362 Pa. 30, 66 A. 2d 768 (1949). This means that the original defendant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background. This is not the situation here. The wrongful acts complained of are separate and distinct.

Herein the actions of the plaintiffs against Ellis are based on his failure to exercise reasonable care and diligence in the use of his skill as an attorney, and in the application of his knowledge to his clients' cause. Ellis does not assert that the additional defendants were responsible for his failures in this regard, or that they in any way hindered or impeded his timely prosecution of the plaintiffs' case against Lift-O-Loft or Mobile. The negligent conduct asserted by Ellis against the additional defendants cannot be equated with that which the plaintiffs assert against him.

Finally, even if we were to assume that the amended version of Rule 2252(a) of the Pa. R.C.P. applied, it would profit Ellis nothing. The amendment now also permits joinder if the additional defendant is or may be liable to the joining party on a cause of action arising out of the transaction or occurrence upon which the plaintiff's cause of action is based. Herein Ellis has failed to plead any facts giving rise to an independent cause of action on his part against Lift-O-Loft or Mobile.

Order affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.