## Shaffer v. Algatt

*Mark S. Refowich* and *Fishbone & Refowich,* for plaintiffs.

*Thomas F. Traud, Jr.,* and *Butz, Hudders & Tallman,* for defendants.

*Edward N. Cahn,* for additional defendants.

WIEAND, J., May 29, 1973.—Can defendant in an action of ejectment join as an additional defendant in such action a remote grantor on the grounds that a judgment in favor of plaintiff will constitute a breach of the general warranty contained in the remote grantor's deed? This is the principal question posed by the additional defendants' preliminary objections to the defendants' complaint.

On or about June 14, 1967, defendants, William E.

and Nancy J. Algatt, accepted delivery of a deed which purported to convey title to premises known as no. 529 Skyline Drive, Allentown, Lehigh County, Pa. This lot had been part of a larger tract developed by Skyline Builders, Inc. Plaintiffs, Marvin A. Shaffer et al., have instituted the present action of ejectment against defendants, alleging a superior title. Skyline Builders, Inc., they assert, did not have good title to that portion of the developed tract from which defendants' lot was conveyed. The title defect, it is alleged, had its origin in a deed by which Eugene K. Twining, Esq., and Robert E. Bittner, Esq., attempted to convey to Skyline's immediate predecessor in title more land than Twining and Bittner owned. Contending that the facts alleged by plaintiffs would, if true, constitute a breach of the general warranty contained in the Twining and Bittner deed, defendants seek to join Twining and Bittner as additional defendants in this action.

The joinder of additional defendants is governed by Pennsylvania Rule of Civil Procedure 2252(a) which was amended in 1969 to expand and liberalize third-party practice. As so amended, the rule provides:

"In any action the defendant . . . may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" (Italics supplied.)

This procedural rule is to be liberally construed to accomplish the purpose of avoiding a multiplicity of suits by adjudicating in one suit the rights and liabili-

ties of all the parties to a single transaction which constitutes the cause of action: Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 134, 135.

The transaction or occurrence which has spawned the instant action is the conveyance of Twining and Bittner. It is an allegedly erroneous description in that deed to which plaintiffs expressly ascribe the title defect which has prompted their action in ejectment. It is the general warranty in that deed which is the basis for defendants' joinder of Twining and Bittner as additional defendants. In both causes of action the issue of the title to the land conveyed by Twining and Bittner will be crucial. Under these circumstances, it seems readily apparent that defendants' cause of action against the additional defendants arises out of the same transaction or occurrence upon which plaintiffs' cause of action is based.

The additional defendants argue that the joinder should be stricken because it seeks to assert a cause of action in assumpsit, whereas the original cause was in ejectment. This court was faced with a similar argument in Orth v. D. & C. Spinosa Company, 49 D. & C. 2d 419, 34 Lehigh 38, where the original action was in assumpsit and defendant's cause of action against the additional defendant sounded in trespass. We there said: "Suffice it to say that we do not find in the amended rule [No. 2252(a)] the limitation which the additional defendant would have us impose; nor do we foresee in such joinder any trial difficulties that will not be obviated by appropriate jury instructions."

It is to be observed that the Court of Common Pleas of Delaware County reached a similar result in Caldearo v. County of Delaware, 50 D. & C. 2d 147. In that case, joinder was permitted where the original action was based on negligence and defendant's cause of action against the additional defendant was based

on a contract of indemnity. See also Schladensky v. Ellis, 442 Pa. 471, 475; 4A Anderson Pa. Civ. Prac. §2252.9, et seq. (1972 Pocket Parts).

The additional defendants cite the decision in Cowles v. Lagana, 23 Beaver 200, where, in an action to quiet title, the court dismissed defendant's attempted joinder of his grantor on the latter's warranty of title. That case, however, was decided before the 1969 amendment and, for such reason, is not persuasive of the issue now before us.

Defendants also cite and rely upon the opinion of this court in Skyline Builders, Inc. v. Kellar, 50 D. & C. 2d 19, a case which involved the same tract of land as that in the instant action. Suit was there instituted by the developer against the attorney who had searched the title to the development tract and certified a good title thereto. The title searcher's attempt to join Twining and Bittner on the general warranty contained in their deed was disallowed by this court. In the Skyline case, however, the attempted joinder was not based on a cause of action which defendant had against additional defendants. The warranty in the deed given by Twining and Bittner did not give rise to a cause of action in favor of the attorney who had searched the title at the instance of the developer. Therefore, a joinder could be justified only under that portion of the rule which pertained to additional defendants who were solely liable to plaintiff or jointly and severally liable with defendant. The 1969 amendment did not alter the requirement previously imposed by rule 2252(a) that such a joinder was permissible only "on the cause of action declared upon by the plaintiff." To have permitted defendant title searcher to join an additional defendant against whom he had no cause of action in that case would have been to force upon plaintiff a cause of action entirely foreign to and different than the one sued upon, and would

have compelled plaintiff to litigate a cause which he had elected not to assert. Such a procedure would have been manifestly improper and in violation of rule 2252(a).

In the instant case, however, defendants are asserting a cause of action which they, defendants, possess against the additional defendants and which arises out of the same transaction or occurrence upon which plaintiffs' cause of action is based. This is a vital distinction and one which brings it within the express provisions of the 1969 amendment to the rule. See Schladensky v. Ellis, supra; Orth v. D. & C. Spinosa Company, supra, at pages 422 and 423.

The additional defendants also argue that the joinder is improper because eviction is a condition precedent to an action for breach of the covenant of warranty. It is not essential, however, that there be an actual expulsion of the defendants in order to support the action for breach of warranty; a constructive eviction is enough: Epstein v. Van Gilder, 13 D. & C. 2d 761, 27 Lehigh 498. See also 20 Am. Jur. 2d, Covenants, §57. A judgment in ejectment is generally held to constitute a sufficient constructive eviction to support an action for breach of warranty. See 172 A.L.R. 77. We perceive no good reason for refusing to permit defendants' action for breach of warranty to be litigated as a part of the action brought to eject them from the land. The mere fact that defendants' cause of action against additional defendants is contingent upon a recovery by plaintiffs is certainly not fatal to the joinder. Indeed, the cause of action asserted by defendants in this action is no more uncertain than the joinder of an additional defendant on any other covenant of indemnity. By permitting joinder under these circumstances, a multiplicity of suits can be avoided, and the rights of all parties can be adjudicated in a single action.

The additional defendants' position that defendants' complaint fails to state a cause of action is not well taken. A covenant of general warranty in a deed of real estate is a covenant which runs with the land: Williams v. O'Donnell, 225 Pa. 321. For this reason, an action for breach thereof may be maintained by one who is not the immediate grantee of the covenantor. This principle is explained in 20 Am. Jur. 2d, Covenants, §51, as follows:

"The covenant of warranty is not merely a personal covenant for the breach of which the grantee or his personal representatives only can sue; it is a real covenant and until broken, passes with the land to the heirs of the grantee or if the land is conveyed or assigned, to the assignee, so that when such covenant is broken, the heir or assignee injured by the breach can maintain an action against the covenantor."

For the foregoing reasons, the additional defendants' preliminary objections must be dismissed.

## ORDER

Now, May 29, 1973, it is ordered that the additional defendants' preliminary objections to defendants' complaint be and the same are hereby dismissed, and said additional defendants are directed to file a responsive pleading within 20 days hereafter.