## Kladias & Son v. Sonneborn Building Products, Inc.

*James N. Diefenderfer*, for plaintiff.

*Theodore J. Zeller, Jr.* and *Butz, Hudders & Tallman*, for original defendants.

*Thomas M. Kittredge, Morgan, Lewis & Bockius, David G. Welty, Joseph F. Leeson, Mark H. Scoblionko* and *Scoblionko and Scoblionko*, for additional defendants.

DAVISON, *J.*, December 16, 1975 — We have before us preliminary objections which question whether additional defendants Container Corporation of America ("Container Corporation"), David M. Hunt Construction Company ("Hunt"), and Fulmer and Bowers, were properly joined by defendants Sonneborn Building Products, Inc. and Contech, Inc. under Pa. R.C.P. 2252(a) in an assumpsit action brought by M. P. Kladias & Son; and, if so, whether certain allegations in defendants' complaint are sufficiently specific against Hunt and Fulmer and Bowers.

Plaintiff, M. P. Kladias & Son, alleges in its complaint that it entered into a contract with Hunt whereby plaintiff agreed to paint the interior and exterior of a building being erected by Hunt for Container Corporation. The contract called for the use of two coats of Sonneborn Hydrocide Super Color Coat paint on the exterior of the building.

Plaintiff, after applying defendants' product to two outside walls, found it was not adhering to the exterior surface, so notified defendants and was told to stop using the product. Subsequently, defendants directed plaintiff to remove the Super Color Coat by sandblasting and to henceforth use defendants' Color Coat paint instead. Plaintiff's complaint contains two counts in assumpsit, namely (1) for breach of express and implied warranties regarding the Super Color Coat paint; and (2) for breach of an alleged oral contract whereby defendants were to pay plaintiff for the sandblasting and Color Coat paint plaintiff had been directed to use.

Defendants denied liability in their answer and filed a third party complaint under Pa. R.C.P. 2252(a) against Hunt, Fulmer and Bowers, Container Corporation, and E. A. Thompson Company, Inc. ("Thompson").

Defendants' third party complaint in assumpsit contains four counts, each of which avers the additional defendant named therein "is solely liable for the action declared upon by the Plaintiff or, in the alternative, is jointly and/or severally liable with the Defendants or, in the alternative is liable over to the Defendants, . . ." Count I against Container Corporation basically alleges negligence in preparing plans which improperly call for the application of both Thompson Water Seal and Sonneborn Hydrocide Super Color Coat. Count II is against Hunt, the general contractor, for specifying the use of and improperly applying Thompson Water Seal and Sonneborn Hydrocide Super Color Coat together. Count III claims that Thompson was responsible since its Water Seal was defective and failed to meet the standards asserted in its advertising. Finally, Count IV against the architects,

Fulmer and Bowers, alleges that they improperly planned and supervised the use of Thompson Water Seal and Sonneborn Hydrocide Super Color Coat. All additional defendants except Thompson have filed preliminary objections.

We first examine their claim that they were improperly joined under Pa. R.C.P. 2252(a) since the causes of action alleged against them by defendants are different from the cause of action in the original complaint. We disagree. Pa. R.C.P. 2252(a) provides:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" (Emphasis added.) The italicized portion of the rule was added by a 1969 amendment.

In Incollingo v. Ewing, 444 Pa. 263, 282 A. 2d 206 (1971), a trespass action under the unamended Pa. R.C.P. 2252(a), the Pennsylvania Supreme Court gave the term "cause of action declared upon" a broad interpretation. There, in a wrongful death action, defendant druggist, who according to the complaint had negligently supplied the drug causing plaintiff's decedent's death, joined the manufacturer of the drug by alleging that the manufacturer had failed to properly test the drug and had not warned plaintiff, defendant or other additional defendants of possible side

effects from the drug's use. In disposing of the contention that the cause of action alleged against additional defendant manufacturer was different from that against defendant druggist, the Pennsylvania Supreme Court stated: "The same could be said in any third party situation. A's cause of action against B, for example, is not the same as A's cause of action against C, joined as alone liable, because a cause of action is by definition between particular named parties. It must be remembered that '[t]he general plan of the joinder procedure is to adjudicate all rights growing out of a certain factual background.' 3 Goodrich-Amram, Sec. 2255(d)-9, p. 107; see also the discussion at Sec. 2252(a)-5 and 6. The phrase 'cause of action declared upon' as used in the rule may not be taken too literally. So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third party complaint is within bounds. We think that is the case here: . . ." Incollingo v. Ewing, supra, at 290, 182 A. 2d at 221. See also Snoparsky v. Baer, 439 Pa. 140, 266 A. 2d 707 (1970), which also gave the term "cause of action declared upon" in the pre-1969 rule a broad interpretation.

In the case at hand, since defendants' third party complaint alleges that the additional defendants' actions — not defendants' — caused the damages for which defendants are being sued and since the factual determinations to be made in determining liability are so intertwined, the causes of action in the third party complaint are sufficiently related to the original cause of action, and joinder is proper. Indeed, this is the analysis advocated in 3 Goodrich-Amram, §2252(a)-6, pp. 25-28.

Additional defendants, pointing out that Incol-

lingo, was a trespass action, cite the cases of American Metal Fabricators Company v. Goldman, 227 Pa. Superior Ct. 284, 323 A. 2d 891 (1974); Skyline Builders, Inc. v. Kellar, 50 D. & C. 2d 19, 34 Lehigh 55 (1970); Brandywine Area Joint School Authority v. VanCor, Inc., 426 Pa. 448, 233 A. 2d 240 (1967); and Trinity Area School District v. Dickson, 223 Pa. Superior Ct. 546, 302 A. 2d 481, allocatur denied (1973), as support for the proposition that "cause of action declared upon" is given a broader interpretation in trespass actions than in assumpsit actions.

In American Metal Fabricators Company, plaintiff sued his attorney for the attorney's failure to apprise plaintiff of a defect in title the attorney had failed to find in his title search. The attorney tried to join the vendors of the land, whose negligent violation of an ordinance had caused the defect. The Pennsylvania Superior Court refused to allow the joinder, relying on Schladensky v. Ellis, 442 Pa. 471, 275 A. 2d 663 (1971), a trespass action whose facts parallel those of American Metal Fabricators Company and where the Pennsylvania Supreme Court said regarding "cause of action declared":

"This means that the original defendant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background. This is not the situation here. The wrongful acts complained of are separate and distinct.

"Herein the actions of the plaintiffs against Ellis are based on his failure to exercise reasonable care and diligence in the use of his skill as an attorney, and in the application of his knowledge to his clients' cause. Ellis does not assert that the additional defendants were responsible for his failures

in this regard, or that they in any way hindered or impeded his timely prosecution of the plaintiffs' case against Lift-O-Loft or Mobile. The negligent conduct asserted by Ellis against the additional defendants cannot be equated with that which the plaintiffs assert against him." Schladensky v. Ellis, supra, at 475, 275 A. 2d at 665.

Thus American Metal Fabricators Company was not decided on the basis that it was an assumpsit action but because the original complaint and third party complaint did not arise out of the same factual background. In the case before us, they did. Also, unlike in American Metal Fabricators Company and Schladensky, here defendants are asserting that their product did not work as warranted because of additional defendants' and plaintiff's improper use of it. Skyline Builders, Inc. is similarly distinguishable from the instance case.

Brandywine Area Joint School Authority and Trinity Area School District both were decided under Pa. R.C.P. 2252(a) as it existed prior to the 1969 amendment. That amendment made clear that the purpose of Pa. R.C.P. 2252(a) was to make possible the adjudication of all rights arising out of the same factual situation. The ruling in Trinity Area School District is based on Brandywine Area Joint School Authority. In Brandywine Area Joint School Authority, the Pennsylvania Supreme Court stressed that the purpose of the pre-1969 Rule 2252(a) was to simplify litigation and rejected the idea that the sole question is who is responsible for the allegedly defective roof. But the 1969 amendment allows the joinder of claims which would complicate litigation much more than would the joinders in Brandywine Area Joint School Authority, Trinity Area School District and the case at hand. Therefore, since allowance of the

joinder in question will make possible the adjudication of all rights arising from the same fact situation, and in view of the amendment to Pa. R.C.P. 2252(a), we hold the joinder was proper.

The second ground on which additional defendants Hunt and Fulmer and Bowers have filed preliminary objections is their claim that certain paragraphs of the third party complaint are not sufficiently specific to meet the requirements of fact pleading under Pa. R.C.P. 1019(a). The paragraphs in question, 16(c) concerning Hunt and 26(d) as to Fulmer and Bowers, each state: "They otherwise failed to exercise due and proper care under the circumstances." Defendants allege in paragraphs 16(a) and (b) that any damages resulting from the cause of action stated by plaintiff are solely Hunt's responsibility in that they (a) specified the use of Thompson's Water Seal and Sonneborn Hydrocide Super Color Coat paint and (b) failed to remove all of the Thompson's Water Seal prior to ordering the application of Sonneborn Hydrocide Super Color Coat paint. Paragraphs 26(a), (b) and (c) of the complaint allege that Fulmer and Bowers, who were in charge of the engineering and supervision of the project, are solely responsible for any damages due to plaintiff's cause of action in that they (a) specified the use of both Thompson's Water Seal and Sonneborn Hydrocide Super Color Coat paint, (b) failed to properly inspect the concrete panels to determine if the Thompson's Water Seal was completely removed prior to the application of Sonneborn Hydrocide Super Color Coat paint and (c) did not conduct adequate tests to determine the use of Thompson's Water Seal and Sonneborn Hydrocide Super Color Coat paint together.

When read in context with the other allegations

in paragraphs 16 and 26, paragraphs 16(c) and 26(d) put the additional defendants upon adequate notice of the claim against which they must defend. See Mountz v. Lebanon County, 45 D. & C. 2d 355 (1968). Accordingly, we find the preliminary objections that paragraphs 16(c) and 26(d) of the third party complaint are insufficient as well as the remaining preliminary objections to be without merit.

## ORDER

Now, December 16, 1975, it is ordered that the preliminary objections of additional defendants be and the same are hereby dismissed, and said additional defendants may, if they choose to do so, file answers to defendants' complaint within 20 days after service of a copy of this order upon their counsel.