## McAninch v. Johasky

*Costello & Berk,* for defendant.
*John B. McCue* and *Matthew B. Wimer,* for additional defendants.

LOUGHRAN, *J.,* December 4, 1980—Plaintiffs have filed a complaint in trespass and assumpsit against Jeffrey W. Johasky in the nature of a legal malpractice suit for alleged damage to plaintiffs' real property in Allegheny Township, Westmoreland County. Plaintiffs complained that defendant attorney was negligent, and breached his contract of employment, by failing to discover, as part of his title examination, a 100 foot right-of-way owned by West Penn Power Company which ran through plaintiffs' lot, which plaintiffs were developing for residential purposes.

Defendant attorney has filed an answer denying that he was employed to do a title search for the property and alleging that he was hired only to provide a policy of title insurance as agent for a title

insurance company. Further, defendant attorney alleges that he provided a policy of insurance which notified plaintiffs that their lot was subject to the West Penn Power right-of-way and that plaintiffs built a residential structure on the property despite their awareness of the fact.

The complaint against the additional defendants, Holloway Realtors, alleges that they were realtors hired by plaintiffs to secure a lot of ground suitable for the construction of a dwelling by plaintiffs. It is further alleged that the realtors were negligent in the performance of their contract of employment by failing to advise plaintiffs that the property was subject to the 100 foot easement of West Penn Power Company.

The additional defendants have filed preliminary objections in the nature of a motion to strike their joinder, in the nature of a demurrer, and in the nature of a motion to strike the complaint because the allegations against the additional defendants are not separated into separate counts for "Assumpsit" and "Trespass."

The additional defendants argue that because plaintiffs have brought a "legal malpractice" action against the original defendant, they cannot be joined as parties to that action when it involves property damage because these realtors are not lawyers and cannot be guilty of legal malpractice. The defendant realtors urge that because joinder of additional defendants is permitted only "on the cause of action" declared upon by plaintiffs, their joinder is improper because the defendant realtors did not perform legal services for plaintiffs. In support of their argument, the additional defendants cite, in their brief, the case of Schladensky v. Ellis, 442 Pa. 471, 275 A. 2d 663 (1971).

A reading of Schladensky will reveal that it is entirely inapposite on the facts and is no authority for the arguments of the additional defendants. The Supreme Court held that "the original defendant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background." 442 Pa. 471, 475, 275 A. 2d 663, 665 (1971).

The factual situation in the instant case is for damage to their real property resulting from the existence of a West Penn Power Company right-of-way of which they were not made aware prior to the construction of a dwelling. Additional defendants have been joined on the basis that they are liable for plaintiffs' damage because of their failure to perform their contract of employment properly. The factual background which is the basis of plaintiffs' initial suit against defendant attorney is the same factual background which has been alleged in the joinder of the realtors as additional defendants. Consequently, additional defendants have been joined, clearly, on plaintiffs' "cause of action," and the joinder is deemed proper herein.

In support of their demurrer, additional defendants argue that they cannot be found liable, as a matter of law, because the Real Estate Brokers License Act of May 1, 1929, P.L. 1216, as amended, 63 P.S. §431 et seq., which sets forth grounds for suspension of a broker's license, does not list, as a ground, the failure of a client to obtain good and marketable title, without defects, to the property he is buying. Defendant realtors also argue that there has been no allegation they have breached any particular duty which they owed to plaintiffs. An examination of the complaint against the realtors

as additional defendants will reveal that their liability in this case has been adequately averred.

The complaint against defendant realtors avers that they were employed by plaintiffs to procure a lot of ground suitable for the construction of a dwelling by plaintiffs thereon.

The complaint avers the manner in which defendant realtors negligently breached their contract of employment with plaintiffs. The complaint avers further that plaintiffs were damaged by the failure of defendant realtors to disclose that the lot was unsuitable for building purposes because of the large power line right-of-way which ran through the property, of which defendant realtors were well aware.

The duties and responsibilities of realtors has recently been addressed by the Westmoreland County Court en banc in the case of Roller v. Friendship Federal Savings & Loan, 62 Westmoreland 143 (1980), which upheld the sufficiency of a buyer's complaint against real estate agents for liability arising out of the purchase of a piece of land. There, defendant realtors demurred on the ground that the original defendant's complaint did not raise any duty on the part of defendant realtors' which could impose liability on them for damages caused to the buyers because of a "dry well." In dismissing preliminary objections filed by defendant realtors, the court stated at p. 146: "[An] examination of the pleadings reveals that sufficient facts are pled in light of Glanski v. Ervine, . . . [409 A. 2d 425 (1979)] . . . which holds that real estate agents have a duty to ascertain the condition of the property they are selling and disclose any facts or conditions which would make the property unfit for habitation."

The complaint filed against the Holloways, as ad-

ditional defendants, alleges the precise breach of duty referred to in Roller: the breach of their duty to ascertain the condition of the property they are selling and to disclose any facts or conditions whch would make the property unfit for habitation. Under the facts alleged in plaintiffs' complaint, and the facts alleged in the complaint against the Holloways as additional defendants, it is clear that the West Penn Power Company power line easement not only would make the property unfit for habitation, it would prevent any habitation at all. The allegations that defendant realtors knew of the existence of the power line easement across the property, and their failure to disclose that to plaintiffs, either at the time they purchased the lot or when they attempted to construct a dwelling thereon, could possibly make them liable to plaintiffs for damages.

Accordingly, the demurrer should be dismissed.

Finally, it is admitted by original defendant that the complaint against additional defendants has not been divided up into separate counts, one for trespass allegations, and one for assumpsit allegations.

In cases where the underlying facts give rise to either trespass or assumpsit liability, and separate counts have not been pleaded, the court will not dismiss the pleading but will permit the pleader to amend his pleading so as to conform to Pa.R.C.P. 1020: Baird v. First Pennsylvania Bank, N.A. (No. 1), 1 D. & C. 3d 665 (1976). The form of the complaint against additional defendants should be one containing two counts, to reflect the separate trespass and assumpsit liability of the additional defendants.

## ORDER

And now, December 3, 1980, it is hereby ordered, adjudged and decreed that the preliminary objections of additional defendants in the nature of a motion to strike for joinder and as well a demurrer to the complaint are both dismissed; it is the further order of this court that the preliminary objections regarding original defendant's failure to comply with Pa.R.C.P. 1020(d)(1) is granted in that original defendant is allowed 20 days to amend the complaint against additional defendant to conform with these rules requiring separate counts in actions of assumpsit and trespass.