**Robert Wooler Company v. The Fidelity Bank**

*Steven T. Stern,* for plaintiff.
*Michael Trachtman, Michael Temin, Joseph V. Furlong,* for defendants.

SALUS, *J.,* January 12, 1981—

### FINDINGS OF FACT

1. Robert Wooler Company is a corporation in the heat treating business for metals located in Dresher, Montgomery County, Pa.

2. From 1970-1974 Robert Wooler Company had in its employ one Donna Raichle who performed duties as a bookkeeper and a clerk.

3. During the time in question, despite the appearance of internal controls with Mr. Keidel, Fred Meyer and Donna Raichle, there were concentrated in Donna Raichle the duties of picking up the mail,

posting cash receivables, accounts receivables, depositing and handling checks and deposit slips and reconciling bank accounts.

4. During the period in question, Robert Wooler had no bank account with Fidelity Bank or business dealings with the bank.

5. Donna Raichle and her husband, Wayne, had a personal joint account in Fidelity Bank into which she deposited 94 corporate Wooler checks after they were endorsed by Wooler in corporate name, and she deposited same in her individual name to her account thus embezzling all 94 checks.

6. Robert Wooler Company received none of the proceeds from the 94 checks.

7. During the period in question, four Fidelity Bank branches and some 21 tellers of the bank made no attempt to question the individual endorsements on the corporate checks, nor did they verify in writing or orally Raichle's authority to deposit the embezzled checks into her joint individual account.

8. Donna Raichle could show no authority, nor did she have any authority to deposit Wooler checks to her account.

9. Fidelity Bank negotiated and obtained settlement on 89 of the 94 checks and was payor bank on five of the checks.

10. Raichle's account was credited with all 94 checks in the amount of $150,848.77.

11. Raichle did not show any authority to Fideltiy to endorse, cash or deposit the 94 checks.

12. Such procedures by Fidelity in dealing with the Wooler checks made payable to a corporation were violative of banking procedures and the U.C.C.

13. Wooler Company had no actual knowledge of the embezzlement until August, 1974 and notified

Fidelity within a short time of its discovery of the embezzlement.

14. Wooler made demand for the 94 checks in the amount of $150,848.77 before commencing this lawsuit and Fidelity refused to pay any of that amount.

15. All 94 checks were received by Wooler in payment of work done by it for its customers.

16. Testimony indicates that Wooler personnel were never informed by Fidelity of the deposit of the Wooler checks into the Raichle joint account, and Mr. Keidel of Wooler testified that Raichle had no authority to endorse checks and that he initiated criminal proceedings against Donna Raichle.

17. Fidelity's act of accepting checks payable to a corporation and depositing same to an individual bank account is gross negligence by the bank, especially when some of the checks were sizable and had to go through the collection process.

18. Defendant Fidelity Bank is liable to plaintiff Wooler Company on the checks pursuant to 12A P.S. §3-404(1), 3-419(1)(c), and Continental Bank and Trust Co. v. American Bank and Trust Co. of Pa., 92 Montg. 282 (1970), aff'd per curiam 217 Pa. Super. 371, 274 A.2d 549 (1970).

19. Fidelity Bank failed to use reasonable commercial standards in accordance with 12A P.S. Article 3 with respect to the Wooler checks causing it liability.

20. Wooler Company is not barred from recovery by its own conduct inasmuch as its negligence was not a substantial factor in bringing about the embezzlement because of the appearance of internal controls protecting the company from embezzlement and the lack of expertise in accounting and internal control procedures by the company employees.

21. Further, even if there was some negligence attributable to the Robert Wooler Company, defendant Fidelity Bank did not use reasonable commercial standards and was grossly negligent.

22. Plaintiff Robert Wooler Company is entitled to recover prejudgment interest on the liquidated amount of each check, in addition to the principal interest from the date of acceptance of the check by defendant which deprived plaintiff of its moneys to trial.

23. Donna Raichle is liable in the same principal amount and for the same interest as Fidelity Bank as the primary cause and wrongdoer in this instance.

24. Additional defendant Touche Ross and Co. is not liable for contribution to Fidelity or jointly liable or solely liable to Robert Wooler Company.

25. Additional defendant Touche Ross and Co. is not liable as stated above on the theories set forth in Judge Takiff's opinion: Yardis v. First Pa. Bank N.A., Aron, and Cogan, Sklar and Company, 20 D.&C. 3d 679 (1980).

26. Additional defendant is not liable in accordance with current legal theories as set forth above even though it failed to use reasonable care in being alert, and therefore, failed to make the necessary inquiries in accordance with reasonable professional standards so as to discover what was readily discoverable to it in order to protect plaintiff.

27. Professionals such as Touche Ross & Co. cannot be like the three monkeys and "hear no evil, see no evil, speak no evil" in order to avoid liability to plaintiff if liability were otherwise attachable.

## DISCUSSION

The facts of the instant case are remarkably similar to Yardis Corporation v. First Pennsylvania

Bank, Aron, and Cogan, Sklar and Company, supra. That case also involved an employee of a corporation improperly depositing into his own account checks made out to the corporation. There the corporation sued the bank that negotiated the checks, and the bank joined the corporation's accountant as an additional defendant.

As in Yardis, this court believes that Touche, Ross & Co., the accountants, cannot be liable as additional defendants. First, Touche Ross cannot be solely liable to plaintiff in this case of action. Whatever liability Touche Ross & Co. have to plaintiff arises from their breach of professional duty and not from the bank's action. For an original defendant to join an additional defendant on a sole liability theory "the cause of action on which the original defendant may bring in an additional defendant must still be the cause declared on by the plaintiff in the action against the original defendant." Schladensky v. Ellis, 442 Pa. 471, 475, 275 A.2d 663 (1971).

Further, Touche Ross are not joint tortfeasors with Fidelity. Judge Takiff said in Yardis, at p. 686: "[P]roof of Cogen, Sklar's [the accountants'] dereliction would in no way affect the propriety of the bank's conduct in honoring the forged instruments . . . the activities of the accounting firm and the bank remained separate and distinct, and there was no conduct alleged which would generate joint or several liability."

Lastly, Fidelity does not have an independent cause of action against Touche Ross & Co. arising out of the same transactions or series of transactions upon which plaintiff sued Fidelity. There was no contractual relationship between Touche Ross & Co. and Fidelity. Also, Touche Ross & Co. owned no duty to Fidelity upon which to base a trespass action.

Therefore, based on the proof at trial, the requirements of Pa.:R.C.P. 2252 have not been met and Touche Ross & Co. are not liable as additional defendants.

The liability of the bank is clear. The bank that allows a forged check to be negotiated is liable to the true payor in both tort and under Article 3 of the Uniform Commercial Code. Section 3-404 of the U.C.C., 12A P.S. §3-404(1), states: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed. . ." Further, it has been held, in Lindsley v. First Nat'l Bank of Phila. 325 Pa. 393, 397, 190 Atl. 876 (1937):

"[I]n receiving a check for collection, the collecting bank gets no title to the check if the holder depositing it had none; by collecting it, and crediting the collection to the depositor, the bank necessarily assumes dominion over it inconsistant with the payee's control over his own property; this is conversion."

Therefore, the bank is liable to plaintiff for each check improperly negotiated by Donna Raichle.

Interest should be paid from the date each check was negotiated, for it is from that date that plaintiff was denied the use of its money.

## CONCLUSIONS OF LAW

1. Fidelity is liable to plaintiff both in assumpsit and trespass.

2. Plaintiff's negligence was miniscule and not proximate, therefore, not a bar to plaintiff's recovery.

3. Plaintiff is entitled to interest from the date each check was fraudulently negotiated to the date of trial.

4. Touche, Ross & Co., additional defendants, are not liable to plaintiff in either trespass or assumpsit.

5. Touche, Ross & Co. are not liable to Fidelity for contribution.

6. Fidelity is liable to plaintiff in the amount of $150,848.77 principal and interest to date of trial $77,228.00.

## ORDER

And now, January 12, 1981, it is hereby ordered pursuant to these findings of fact and conclusions of law that Fidelity Bank and Donna Raichle are both individually and severally liable to plaintiff in the principal amount of $150,848.77 and in interest in the amount of $77,228.00.