## Extrudo Film Corporation *v.* Beck Electric Construction, Inc., Appellant.

Argued September 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Carl Rice,* for appellant.

*Howard G. Stutzman,* and *Lipkin, Stutzman, Marshall & Bohorad,* for appellee.

*Joseph A. McKenna,* with him *Chester C. Corse,* and *Williamson, Friedberg & Jones,* for additional defendant, appellee.

OPINION BY HOFFMAN, J., December 13, 1971:

The Extrudo Film Corporation ("Extrudo") entered into a contract with Beck Electric Construction, Inc. ("Beck") for the installation of a transformer station. While the transformer was being energized after installation, the transformer failed, causing damage to Extrudo. Extrudo brought an action of assumpsit against Beck and in an amended complaint alleged that the damage to the transformer was caused by Beck's breach of the installation contract.

In its answer, Beck denied that it had violated its contract and set out in new matter that Extrudo's loss was due to alleged defects in the transformer sold to Beck by the General Electric Company. Beck thereupon filed a third party complaint to bring General Electric in as an additional defendant. General Electric filed a preliminary objection to Beck's complaint, pursuant to Pennsylvania Rule of Civil Procedure 1017(b), asserting that it could not be joined because there would be a misjoinder of causes of action. The lower court sustained General Electric's preliminary objection and ordered that plaintiff Extrudo proceed solely against Beck. This appeal by Beck followed. The sole issue on appeal is whether the lower court's failure to permit the joinder of General Electric as an additional defendant was proper.

Pennsylvania Rule of Civil Procedure 2252 provides that "In any action the defendant . . . may, as the joining party, join as an additional defendant any person

whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, *or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" The portion of the rule that is given emphasis above was added by amendment which became effective September 1, 1969. Prior to that time, Rule 2252(a) simply read as indicated by the unemphasized portion of the rule quoted above.

Beck alleges that the joinder of General Electric was proper under the amended Rule 2252(a). The plaintiff's cause of action is based on the failure of the transformer to function properly and such failure could either result from improper installation of the transformer or a manufacturer's defect in the transformer. In either event, the "occurrence," which is the failure of the transformer to properly perform, is the basis of plaintiff's cause of action. Joinder, therefore of General Electric should have been proper.

The lower court, however, in refusing such joinder stated that "where plaintiff sues in assumpsit and defendant seeks to join an additional defendant, joinder has been refused in cases where the contractual duty owed by the additional defendant is due only to the defendant and also in cases where the contractual duty owed by the additional defendant is due only to plaintiff." Citing *Marple Township v. Mar-Ann Holding Co.,* 404 Pa. 487, 172 A. 2d 804 (1961), and *Josal, Inc. v. Feinberg,* 195 Pa. Superior Ct. 646, 171 A. 2d 830 (1961).

The lower court also added that "Rule 2252(a) requires that (the liability of a properly joined additional defendant) must be on the cause of action declared

upon, which means that it must be on the cause of action declared on by the plaintiff." As authority for this statement, the lower court set forth the pre-1969 version of Rule 2252(a) and did not consider at all the effect of the 1969 amendment. In terms of case authority, the lower court relied on *Brandywine Area Joint School Authority v. VanCor, Inc.*, 426 Pa. 448, 233 A. 2d 240 (1967). In *Brandywine*, the School Authority sued a contractor in assumpsit for defective construction of a roof. The contractor, in turn, attempted to join the architect, who was under contract with the School Authority, and a roofing subcontractor who performed the actual work. The lower court sustained preliminary objections brought by each of these additional defendants and this was affirmed on appeal. In so doing, the Supreme Court relied on the 1961 version of Rule 2252(a) which solely provided that joinder is only proper where the party to be joined "may alone be liable or liable over *on the cause of action declared upon in the original suit.*" (Emphasis in the original).

*Brandywine*, however, has been effectively nullified by the 1969 amendment to the Rule. The amendment allows joinder where the party to be joined may be liable to the joining party separately on an independent cause of action which arose out of the same transaction(s) or occurrence(s) as the plaintiff's original cause of action. Hence, in the instant case, where the sole question is which party was responsible for the defect in performance of the installed machinery, the court below should have considered the liabilities of all parties in the transaction, unrestricted by the statement of the cause of action by the plaintiff in his complaint.

This was summarized by the "Commentary to the 1969 Amendments" in 3 Goodrich-Amram, *Standard*

*Pennsylvania Practice, Procedural Rules Service* (1970 Supplement, Binder 3), at 199-200: "Rule 2252(a) will permit D1 to join D2 (a) whether or not D2 is a party to the action; (b) on a claim of sole liability or liability over or joint or several liability with him; (c) on the cause of action declared on by the plaintiff, or on a separate cause of action *if* it arises out of the transaction or occurrence upon which the plaintiff's cause of action is based."

In the instant case, therefore, joinder under the amended Rule 2252(a) was proper, and the lower court was in error in sustaining the preliminary objection of appellee.

The order of the lower court is vacated and the case is remanded for proceedings consistent with this opinion.