## Einson v. SEPTA

*Henry I. Jacobson,* for plaintiff.
*Joseph F. Keene, Jr.,* for defendant.
*L. Carter Anderson,* for additional defendant.

TRANCHITELLA, *J.,* June 24, 1975—Plaintiff initiated action against defendant, SEPTA, in the above-captioned matter, alleging that she sustained injuries on October 11, 1973, while boarding a SEPTA bus at the intersection of Broad Street and Wagner Avenue, Philadelphia, Pa. In the complaint, paragraph 4, it is alleged:

"Just as plaintiff had placed her left foot on the bottom step and was in the process of boarding the bus, the door closed and the bus started forward with a sudden jolt, without warning, and continued to move forward with increasing speed."

In paragraph 5 of the complaint, plaintiff alleges:

"The jolt of the closing door and the starting bus unbalanced the plaintiff and caused her to fall backward onto the pavement, causing injuries hereinafter described."

Defendant, the Southeastern Pennsylvania Transportation Authority, joined Dr. Wojtowych, 5104 North Broad Street, Philadelphia, Pa., and averred that the cause of the injuries allegedly sustained by plaintiff was due to an unsafe, hazardous and dangerous condition on the sidewalk and curb of Dr. M. Wojtowych's premises. Dr. M. Wojtowych has filed preliminary objections to the joining of him as an additional defendant. Petitioner alleges that defendant improperly joined him in this matter and that defendant's complaint violates Pennsylvania Rule of Civil Procedure 2252(a).

Pa. R. C. P. 2252(a) states:

"In any action the defendant or any additional defendant may, as the joining party, join as an Additional Defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the Plaintiff or jointly or severally liable thereon

with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or a series of transactions or occurrences upon which the plaintiff's cause of action is based."

The question in the preliminary objections is to the interpretation of this rule and the application by the courts. We must look to the substance of the allegations of the parties and if it arises out of the same background alleged by the parties. Petitioner points to the allegations of plaintiff which allege that the accident was caused by the actions of defendant SEPTA's bus driver when he closed the door to the bus and started forward with a sudden jolt. Plaintiff's allegations do not include a defective sidewalk nor any mention of same. In the memorandum of law prepared by defendant, SEPTA, there are allegations that there are witnesses who refer to the defective sidewalk of the additional defendant-petitioner and that the injuries could be attributable, in whole or in part, to the defective condition of the sidewalk as a result of plaintiff alleging that she fell backward onto the pavement and, therefore, possibly implying the pavement's condition as being possibly responsible for the alleged injuries.

In one of three cases cited by petitioner, Schladensky v. Ellis, 442 Pa. 471, 275 A. 2d 663 (1971), the court held that the negligent conduct asserted by defendant against the additional defendant must be equal with that which plaintiff asserts against defendant. Therefore, the alleged negligent acts of defendant bus driver must be equated with the alleged negligent acts of the additional defendant. The bus driver allegedly closed

the door improperly and caused the bus to go forward, and it is also alleged that the additional defendant was negligent in allowing the pavement to exist in disrepair. The injuries claimed by plaintiff are as a result of the fall following the unbalanced state caused by the negligent act of the bus driver. Defendant requested we consider the defective condition of the pavement upon which plaintiff fell or was previously standing; that the pavement caused the imbalance, thus being contributory to the injuries sustained.

The second case cited by petitioner: Incollingo v. Ewing, 444 Pa. 263, 282 A. 2d 206 (1971), looks to the joinder procedure as a means to adjudicate all rights which evolve from a particular factual situation. This is the finding of the court and the court is supported in 3 Goodrich-Amran, §2255(d)-9, p. 108. See also the discussion at section 2252(a)-5 and 6. Here, again, the court is looking for any type of relationship between the facts and is hoping to equate the situations.

The third case cited by petitioner is Extrudo Film Corporation v. Beck Electrical Construction Co., 220 Pa. Superior Ct. 164, 167, 286 A. 2d 687 (1971):

"The Court below should have considered the liabilities of all parties in the transaction, unrestricted by the statement of the cause of action by the plaintiff in his complaint."

It appears as if this case's holding is contrary to the position of petitioner yet cited by petitioner in general. In this particular case, the court looks to the section of Pa. R.C.P. 2252(a) as a means to litigate at one time the question of the liability of any party which results in the injury of another.

As a result of what appears to be a liberal interpretation of this rule and the proper remedy for

petitioner if defendant cannot substantiate its position, I am inclined to deny the preliminary objections and sign the order attached to the answer of Southeastern Pennsylvania Transportation Authority which overrules the preliminary objections and grants the additional defendant 20 days in which to file responsive pleading to defendant's complaint.

## ORDER

And now, June 24, 1975, upon consideration of the briefs of counsel, it is ordered and decreed that the preliminary objections of the additional defendant, Dr. M. Wojtowych, are overruled. Said additional defendant shall file any responsive pleading to defendant's complaint within 20 days hereof.