## Strohecker v. Kieffer

*Daniel J. Clement*, of *Clement & Knight*, for plaintiff.

*Leo E. Gribbin*, of *Stetler & Gribbin*, and *James J. Purcell*, for defendant.

*Sidney J. Apfelbaum*, for additional defendant.

KIVKO, *P. J.*, January 2, 1976—Plaintiff, Fred R. Strohecker, brought an action in assumpsit against defendant, Kenneth Kieffer, for the recovery of money allegedly due on certain notes executed by defendant to plaintiff. Defendant, in addition to filing an answer and counterclaim, also filed a complaint against Henry L. Brosius as an additional defendant, alleging that the notes were partnership notes, that he sold his interest in the partnership to Brosius subject to all debts, that Brosius agreed to be liable on the notes and that defendant would have no further liability in any way relative thereto.

In response, additional defendant filed preliminary objections in the nature of a demurrer. These objections are before us for disposition.

In essence, additional defendant contends he is not solely liable to plaintiff because his name ap-

pears nowhere on the notes, nor is he jointly liable or liable over to defendant because facts are not sufficiently alleged to uphold this claim. Lastly, additional defendant raises the defense of the statute of limitations by way of preliminary objections.

It is true that "[n]o person is liable on an instrument unless his signature appears thereon.": Act of April 6, 1953, P.L. 3, as amended, 12A P.S. §3-401(1). But the notes to this provision make clear that nothing in this section is intended to prevent any liability arising apart from the instrument itself. He may, of course, be liable under a separate writing: 2 Anderson, Uniform Commercial Code, Comment, §3-401(1), 12 P.S. §3-401.

The best light we can put on additional defendant's preliminary objections is that any claim by plaintiff on these notes is against defendant *only* in this action, because additional defendant's name does not appear on the notes. Since defendant has averred that the liability for these notes was passed on to additional defendant, under an agreement in 1960 (apart from the notes of 1954), our inquiry was whether additional defendant was properly joined in this action.

The right of joinder under Pa.R.C.P. 2252(a) was expanded by amendments to the rule in 1969. Now, a defendant may join any person "who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction . . . upon which the plaintiff's cause of action is based."

No longer is joinder improper where plaintiff sues in assumpsit and defendant joins additional defendant whose contractual duty is owed only to defendant, as long as the cause of action arises out of the same transactions or occurrences as plain-

tiff's original cause of action. See Extrudo Film Corp. v. Beck Electric Construction, Inc., 220 Pa. Superior Ct. 164, 286 A. 2d 687 (1971); General Motors Acceptance Corp. v. Carpenter, 56 D. & C. 2d 279 (Delaware Co., 1972); 4A Anderson Civ. Prac. §2252.14.

The transaction forming the basis of plaintiff's cause of action is the notes. These are demand notes, upon which the obligation for payment may arise at any time. The agreement alleged by defendant that additional defendant assumed responsibility for these notes was still part of the "transaction," which continued until the notes were satisfied.

The intent of the rules is to promote resolution of all parties' rights in a single suit: Ragan v. Steen, 229 Pa. Superior Ct. 515, 331 A. 2d 724 (1974). Such purposes would not be effectuated if defendant, found liable, is then forced to institute a separate action against the additional defendant on the alleged agreement by additional defendant of responsibility on the notes. Of course, when the pleadings are closed, it may be necessary to evaluate the complexity of the issues and the propriety of severance of certain issues for separate trial under Rule 213.

ORDER

And now, January 2, 1976, the preliminary objections in the nature of a demurrer filed by the additional defendant, Henry L. Brosius, are dismissed. The additional defendant is granted 20 days in which to file a further responsive pleading to defendant's complaint.