375 A.2d 171

**Edward W. HARKER, Trustee for Lynn F. Myers, Inc., Bankrupt,**

v.

**FARMERS TRUST COMPANY, Appellant,**

v.

**Lynn F. MYERS, Additional Defendant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided June 29, 1977.

Leslie B. Handler, Harrisburg, for appellant.

Walter W. Wilt, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an order sustaining a demurrer to a complaint against an additional defendant filed pursuant to Rule 2252 of the Rules of Civil Procedure. For the reasons hereinafter stated we reverse the order and reinstate the complaint. The issue arises out of these circumstances:

The trustee in bankruptcy of Lynn F. Myers, Inc., hereinafter the corporation, has sued Farmers Trust Company, hereinafter the bank, in counts sounding in trespass and assumpsit wherein it seeks compensatory and punitive compensation for financial losses allegedly suffered by the corporation growing out of the repossession and sale of assets of the corporation by the bank. The bank had made secured loans to the corporation on a line of credit granted prior to the repossession, but terminated the credit, called the loans and sold the assets securing the loan when it became aware of the precarious financial position of the corporation. Bankruptcy ensued.

It is the gravamen of the complaint that the corporation was not in default on its loans at the time of the repossession and sale of its assets securing its loans and that the corporation was forced into bankruptcy as a result of this action, causing it substantial losses both on the forced sale of its property and on its ensuing inability to complete construction work in progress at the time of the bankruptcy.

The trustee in bankruptcy seeks $250,000 in compensatory damages and the same amount as punitive damages.

It is the bank's position that it revoked its line of credit on the basis of knowledge that the corporation was in a failing condition and about to close down, and that these circumstances had been brought about by Lynn F. Myers, the president and owner of the corporation at the time of bankruptcy.

On the basis of these averments the bank filed a complaint against Lynn F. Myers as an additional defendant, averring that the corporation's losses had been caused by the wrongful management of Myers and that the bank had repossessed the machinery and equipment of the corporation with the prior knowledge and consent of Myers. The complaint concluded that if the corporation had suffered damage by being forced into bankruptcy it was either the responsibility of the additional defendant or the additional defendant and the bank jointly.

The trustee in bankruptcy demurred to the complaint against the additional defendant. The demurrer was sustained and the complaint dismissed. It is from this order that the bank appeals.

The right to join a third party defendant is controlled by Rule 2252(a) of the Rules of Civil Procedure which reads as follows:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

The Rule authorizes the joinder of an additional defendant under any of three circumstances: (1) if the additional

defendant is averred to be the party liable on the plaintiff's cause of action, or (2) if the additional defendant is averred to be jointly and severally liable with the defendant on the plaintiff's cause of action, or (3) if the additional defendant is liable to the party joining it as a defendant on a cause of action arising out of the transaction or occurrence upon which the plaintiff's cause of action is based.

Rule 2252 is remedial in nature, designed to facilitate the adjudication in a single action of the rights of all parties growing out of a single situation. The objective of the Rule is to avoid multiplicity of suits, thereby saving time and money for both litigants and the courts. In view of its objectives, it has been held that the Rule should be liberally construed and "the cause of action declared upon by the plaintiff" broadly interpreted: *Snoparsky v. Baer*, 439 Pa. 140, 145–6, 266 A.2d 707 (1970); *Incollingo v. Ewing*, 444 Pa. 263, 290, 282 A.2d 206 (1971); *Free v. Lebowitz*, 463 Pa. 387, 392, 344 A.2d 886 (1975); *Goodrich-Amram-Procedural Rules Service*, Section 2252(a)–5–6. It is said in *Goodrich-Amram*, supra, that "this broad construction of 'causes of action declared upon by plaintiff' has been uniformly observed".

The "cause of action declared upon by the plaintiff" on the pleadings before us is the damage suffered by the corporation from the repossession and sale of its pledged equipment and its inability to complete its outstanding contracts because of the corporation's bankruptcy. The trustee's complaint places responsibility for these losses on the bank and the bank places the responsibility on Lynn F. Myers whom it has joined as an additional defendant. Clearly such averments place the dispute within the parameters of Rule 2252(a) and particularly its first and second subdivisions.

The order of the court below is reversed and the complaint of the bank against the added defendant, Lynn F. Myers, reinstated.