## Graybar Electric Company v. Bruns Electric, Inc.

*John M. Studeny,* for plaintiff.

*Daniel J. Weis,* for Fidelity and Deposit Company of Maryland.

WETTICK, *J.,* February 22, 1978—Plaintiff allegedly furnished supplies to Bruns Electric, Inc., for electrical work which Bruns Electric, Inc. performed under a contract with the Pennsylvania Department of General Services. Payments to plaintiff were guaranteed by Fidelity and Deposit Company of Maryland ("Fidelity") under a March 23, 1976, surety bond. Fidelity agreed to serve as surety for Bruns Electric, Inc. only after Richard L. Namadan and Frederick Bruns executed an agreement, dated March 22, 1976, to indemnify and hold harmless Fidelity for any sums it may be required to pay as surety for Bruns Electric, Inc.

Plaintiff's present action against Bruns Electric, Inc. and Fidelity is based upon its claim that Bruns Electric, Inc. failed to pay for supplies which plaintiff delivered. Pursuant to Pa.R.C.P. 2252, Fidelity filed a complaint to join as additional defendants Richard L. Namadan ("Namadan") and Richard

Bruns and Cheryl Bruns, representatives of the estate of Frederick Bruns ("Bruns"). Plaintiff filed a motion to dismiss this complaint on the grounds that Fidelity's claim against Namadan and Bruns does not arise out of the transaction upon which plaintiff's cause of action is based.

The issue raised by plaintiff's motion to dismiss is whether the 1969 amendments to Rule 2252(a) permit joinder of an express indemnitor or insurer.

Prior to the 1969 amendments, Pa.R.C.P. 2252(a) permitted joinder by a defendant of "any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him."

Our appellate courts have consistently ruled that the provision permitting joinder of a person who may be liable over to him on the cause of action declared upon by plaintiff does not permit joinder of an express indemnitor or insurer because the proposed additional defendant is not liable over "on the cause of action declared upon" within the meaning of Pa.R.C.P. 2252(a). See Wampler v. F. C. Haab Co., Inc., 401 Pa. 178, 162 A. 2d 389 (1960); Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A. 2d 689 (1960); and Volta v. Markovitz Bros., Inc., 351 Pa. 243, 40 A. 2d 388 (1945).

In 1969, Pa.R.C.P. 2252(a) was amended to permit a defendant to join as an additional defendant any person "who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Fidelity obviously relies on this additional ground for joinder to support its claim that Namadan and Bruns may be added as additional defendants.

The case law is split on the question of whether the 1969 amendments alter prior case law barring joinder of any person whose liability over to the defendant rests upon an express contract of insurance or indemnity. Compare Fitzgerald v. Rottner, 56 D. & C. 2d 750 (Dauph. 1972); F. A. Cray v. Engineered Building Systems Co., 6 Butler 48 (1975), with Nagle v. Split Rock Lodge, Inc., 52 D. & C. 2d 497 (Carbon 1971); Caldearo v. County of Delaware, 50 D. & C. 2d 147 (Del. 1970); Lang v. Beishline, 56 D. & C. 2d 633 (Bucks 1972).

Plaintiff contends that the 1969 amendments to Pa.R.C.P. 2252(a) do not alter the prohibition against joinder of an express indemnitor or insurer because an insurance or indemnity agreement does not arise out of the transactions or occurrences upon which plaintiff's cause of action is based. Plaintiff's construction of Pa.R.C.P. 2252(a) is supported by Goodrich-Amram.

"The 1969 amendments do not change the prior rule which forbade the joinder of an express insurer or indemnitor. Such liability will be based upon the contract of insurance or indemnity given by D2 to D1; it will not arise out of the transactions or occurrences on which the plaintiff's cause of action is based. The most that can be said is that the cause of action of D1 against D2 arises partly out of those transactions or occurrences." 8 Goodrich-Amram 2d §2252(a):7.1, fn. 31.

We reject this contention that the 1969 amendments do not change the prior case law which barred joinder of an express indemnitor or insurer. The argument that any cause of action based upon an express indemnity agreement will, at best, arise only partly out of the transaction or occurrence upon which plaintiff's cause of action is based

places form over substance in a manner that will defeat the very purposes for the 1969 amendments.

"The very purpose of Rule 2252 was to permit the bringing together in a single law suit causes of action 'arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.' " Free v. Lebowitz, 463 Pa. 387, 392, 344 A. 2d 886, 887 (1975). Rule 2252(a) permits joinder where the party to be joined "may be liable to the joining party separately on an independent cause of action which arose out of the same transaction(s) or occurrence(s) as the plaintiff's original cause of action." Extrudo Film Corp. v. Beck Electric Construction, Inc., 220 Pa. Superior Ct. 164, 167, 286 A. 2d 687, 689 (1971). "Rule 2252(a) governing the joinder of additional defendants should be given a 'broad interpretation.' " Martinelli v. Mulloy, 223 Pa. Superior Ct. 130, 135, 299 A. 2d 19, 21 (1972), and the requirement for joinder that original defendant's cause of action arises out of the transactions or occurrences upon which plaintiff's cause of action is based should be construed to permit joinder "[s]o long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant." Incollingo v. Ewing, 444 Pa. 263, 290, 282 A. 2d 206, 221 (1971), in order to "avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit.' " Ragan v. Steen, 229 Pa. Superior Ct. 515, 525, 331 A. 2d 724, 730 (1974).

It is clear that an original defendant may join an additional defendant who is liable over on a separate cause of action founded upon an implied duty of indemnification or contribution arising out of the

series of transactions or occurrences upon which plaintiff's cause of action is based. See Ragan v. Steen, supra; Vinnacombe v. Philadelphia, 297 Pa. 564, 147 Atl. 826 (1929). The only reason for treating differently express and implied duties of indemnification has nothing to do with the language of Rule 2252(a) but has instead to do with established Pennsylvania policy prohibiting disclosure in personal injury cases of the fact that defendant is insured. See 8 Goodrich-Amram 2d §2252(a): 7.1. Thus if we were to conclude that the 1969 amendments were not intended to alter this policy, we should not preserve this policy by artificially construing the language of 2252(a) in order to create the fiction that the language calls for this result. Instead, we should acknowledge that 2252(a)'s language calls for joinder and create an exception against joinder of an insurance carrier in personal injury actions based upon established Pennsylvania policy prohibiting jurors from learning whether a defendant is insured. See, e.g., Cancilla v. Saroczak, 125 Pitts. L. J. 359 (1977).

In applying this construction of Pa.R.C.P. 2252(a) to the present action, we conclude that joinder is permissible. Because Fidelity's express indemnity claim arises out of an assumpsit action between plaintiff and Fidelity, we consider only whether Fidelity's claim against Namadan and Bruns arises out of the series of transactions or occurrences upon which plaintiff's cause of action against Fidelity is based. Plaintiff's cause of action against Fidelity is based on Fidelity's March 23, 1976, agreement to guarantee payment to Bruns Electric, Inc.'s suppliers. Fidelity agreed to guarantee such payments only after Namadan and Bruns agreed, by written agreement dated March 22,

434

1976, to indemnify Fidelity for any moneys which it payed as surety for Bruns Electric, Inc. Thus Fidelity's claim against Namadan and Bruns arises out of the same series of transactions or occurrencs upon which plaintiff's claim against Fidelity is based.

For these reasons, plaintiff's motion to dismiss complaint to join additional defendant is denied.

ORDER

And now, February 22, 1978, it is hereby ordered, adjudged and decreed that plaintiff's motion to dismiss complaint to join additional defendant is denied.