## Bolf v. Pennsylvania National Mutual Casualty Insurance Co.

*Seymour A. Sikov*, for plaintiff.
*Charles Kirshner*, for defendant.
*Peter J. King* and *Kenneth E. Kohl, Jr.*, for additional defendants.

WETTICK, *J.*, November 1, 1978—Plaintiff's property was destroyed by fire and plaintiff filed this suit against Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania Insurance), claiming a loss compensable under an insurance policy issued by Pennsylvania Insurance to plaintiff. Pennsylvania Insurance denies liability on several grounds, including plaintiff's failure to file a proof of loss within 60 days and to file a suit within one year after loss in accordance with policy requirements. In subsequent pleadings, plaintiff contends that Pennsylvania Insurance waived these requirements.

Pennsylvania Insurance seeks to join two attorneys who were allegedly retained to represent plaintiff in his claim for damages under the insurance policy within one year following the loss. In its proposed third party complaint, Pennsylvania Insurance alleges that these attorneys' malpractice was the cause of plaintiff's failure to comply with policy requirements. The proposed additional defendants oppose Pennsylvania Insurance's petition for late joinder on the ground that the joinder is outside the scope of Pa.R.C.P. 2252.

Pa.R.C.P. 2252(a), which governs the right to join additional defendants, reads as follows:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In the present case, Pennsylvania Insurance alleges that the proposed additional defendants are alone liable to plaintiff. Thus we must determine whether the proposed additional defendants "may be alone liable . . . on the cause of action declared upon by the plaintiff" within the meaning of Pa.R.C.P. 2252.

This provision of Pa.R.C.P. 2252 has been broadly construed by our appellate courts. In the case of Incollingo v. Ewing, 444 Pa. 263, 290, 282 A. 2d 206 (1971), the Supreme Court, in holding that a druggist against whom damages were sought for allegedly filling a prescription contrary to the instructions of the prescribing physician could join the drug manufacturer on allegations that the manufacturer did not properly warn physicians and druggists about the dangers of the drug, stated:

"It is true that 'the cause of action declared upon' by the plaintiff in this case was not the same as that set forth in the third party complaint: the negligent

filling of a prescription by a druggist is not the same cause of action as the negligent failure by the drug manufacturer to give adequate warning to the druggist or the prescribing doctors. . . . The phrase 'cause of action declared upon' as used in the rule may not be taken too literally. So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third party complaint is within bounds. We think that is the case here: the asserted failure of the manufacturer of the drug to warn the prescribing doctors and the druggist of its dangers is sufficiently related to plaintiff's original charge that the druggist negligently dispensed the drug to be within the ambit of third party procedure." 282 A. 2d at 221.

Also see Harker v. Farmers Trust Company, 248 Pa. Superior Ct. 427, 430, 375 A. 2d 171 (1977), where the Superior Court said:

"Rule 2252 is remedial in nature, designed to facilitate the adjudication in a single action of the rights of all parties growing out of a single situation. The objective of the Rule is to avoid multiplicity of suits, thereby saving time and money for both litigants and the courts. In view of its objectives, it has been held that the Rule should be liberally construed and 'the cause of action declared upon by the plaintiff' broadly interpreted: [citations omitted]. It is said in Goodrich-Amram, supra, [8 Goodrich-Amram 2d §2252(a):6] that 'this broad construction of "causes of action declared upon by plaintiff" has been uniformly observed.'" 375 A. 2d at 173.

In the present case, the harm which is the subject of plaintiff's complaint is that he did not receive

payments under his insurance policy for fire damage to his property. In his complaint, plaintiff alleges that Pennsylvania Insurance is the cause of this harm. Pennsylvania Insurance, through its proposed joinder, seeks to place the responsibility for this harm solely on the attorneys who represented plaintiff. And because Pennsylvania Insurance's third party complaint seeks only to place the cause of the harm which is the subject of plaintiff's action on a third party, this is a joinder "on the cause of action declared upon" within the meaning of Pa.R C.P. 2252.

In Harker v. Farmers Trust Company, supra, the trustee in bankruptcy for the bankrupt corporation sued a bank for losses sustained by the bank's alleged wrongful repossession and sale of the corporation's assets. The bank sought to join the president/owner of the corporation on the ground that the repossession occurred because the corporation was in a failing condition and about to close due to mismanagement by the president/owner. The Superior Court ruled that joinder was permissible because the cause of action declared upon by plaintiff was the damage suffered by the corporation from the repossession and sale of its pledged equipment and the allegations that it was the owner/president—and not the bank—that caused this to occur "place the dispute within the parameters of Rule 2252(a) and particularly its first and second subdivisions." 375 A. 2d at 173.

In Galdo v. First Pennsylvania Bank, 250 Pa. Superior Ct. 385, 378 A. 2d 990 (1977), corporate debenture holders sued the trustee of the debentures on the ground that the trustee breached its contractual and fiduciary obligations by allowing

the corporation to liquidate its assets without notifying debenture holders of the liquidation in violation of the terms of the indenture, thereby causing the debentures to become worthless. The trustee sought to join the former president and former treasurer of the corporation on the ground that they caused the debentures to become worthless by concealing the corporation's financial condition and mismanaging the corporation. The Superior Court held that joinder was proper because "[t]he actual harm to the plaintiffs was that the debentures were caused to become worthless" and therefore additional defendant's "alleged liability is related to the original claim which the plaintiffs asserted against the appellant [trustee] and therefore appellee [additional defendant] was properly joined." 378 A. 2d at 993.

Also see Incollingo v. Ewing, supra, and Extrudo Film Corp. v. Beck Electric Construction, Inc., 220 Pa. Superior Ct. 164, 286 A. 2d 687 (1971).

We recognize that there are several cases in which courts have not permitted a claim against an attorney to be joined with other claims. In Schladensky v. Ellis, 442 Pa. 471, 275 A. 2d 663 (1971), employes who were injured when a hydraulic lift malfunctioned instituted malpractice suits against an attorney for failure to timely sue the manufacturer and dealer of the hydraulic lift and the attorney was not permitted to join the manufacturer and dealer as additional defendants. This case is distinguished on the ground that defendant's third party complaint did not allege that additional defendant was responsible for the harm for which plaintiffs sought relief. The subject of plaintiffs' complaint was the harm which plaintiffs suffered from their attorney's failure to sue, while the

subject of defendant's complaint was the personal injuries which plaintiffs sustained from the malfunctioning of the lift. Thus, defendant sought to join additional defendants by alleging that they were responsible for a separate—albeit related—harm which plaintiffs suffered. And it was this failure to "assert that additional defendants were responsible for his [defendant's] failures in this regard, or that they in any way hindered or impeded his timely prosecution of plaintiff's case against [the proposed additional defendants]" (275 A. 2d at 665) that placed the proposed joinder beyond the parameters of Pa.R.C.P. 2252.

In American Metal Fabricators Co. v. Goldman, 227 Pa. Superior Ct. 284, 323 A. 2d 891 (1974), a purchaser of real estate brought a damage action against its attorneys for their alleged failure to advise the purchaser of a title defect and the Superior Court ruled that the attorneys could not join the sellers as additional defendants. While the fact situation in American Metal Fabricators Company resembles the fact situation in the present case, the case is not controlling because joinder appears to have been denied partly on the ground that the third party complaint failed to allege a cause of action against additional defendants.

In Katz v. Schuster, 58 Erie 172 (1975), plaintiff brought a malpractice action against a doctor who treated him for injuries sustained in an automobile accident, and the doctor sought to join plaintiff's attorney as an additional defendant on the ground that he negligently failed to bring a timely action against the driver who caused the accident and the court denied joinder. This case is distinguished in the same manner as Schladensky v. Ellis, supra, because the attorney in no way contributed to the

injuries sustained through the doctor's alleged malpractice and the doctor did not contend that additional defendant was responsible for the harm for which plaintiff sought relief.

Because we have construed Pa.R.C.P. 2252 to permit joinder whenever a defendant claims that an additional defendant is solely or partially responsible for the harm for which a plaintiff seeks relief from defendant, we grant Pennsylvania Insurance's petition for late joinder.