## Yardis Corporation v. First Pennsylvania Bank

*Stephen S. Phillips*, for plaintiff.

*Phillip M. Hammett*, for defendant First Pennsylvania Bank.

*Gene E. K. Pratter* and *Louis W. Fryman*, for additional defendants.

TAKIFF *J.*, July 29, 1980—Before the court is a motion for summary judgment filed by an additional defendant to this litigation, Cogen, Sklar and Company. Suit in trespass and assumpsit was instituted by plaintiff Yardis Corporation against First Pennsylvania Bank alleging conversion of checks payable to Yardis by the bank, which accepted and paid them over on an alleged forged endorsement to the personal account of plaintiff's former bookkeeper, David H. L. Aron, in contravention of the law governing negotiable instruments.

The Bank joined Cogen, Sklar and Company, plaintiff's outside accounting firm, pursuant to Pa.R.C.P. 2252(a)[1], asserting that Cogen, Sklar's negligence permitted Aron's embezzlement and continuing defalcation.[2] Cogen, Sklar's instant mo-

---

1. Rule 2252 (a) provides: "In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

2. The bank averred that Cogen, Sklar devised and monitored plaintiff's bookkeeping system, which combined in one employe the duties of receiving, recording, and depositing re-

tion for summary judgment asserts that no facts exist or are alleged which could predicate Cogen, Sklar's sole liability or joint and several liability with the bank on the cause of action stated by plaintiff[3] or their liability to the bank on a separate cause of action arising out of the transactions or occurrences on which plaintiff's cause of action is based. Though this motion might more aptly be denominated a motion for judgment on the pleadings based on the non-assertion of a cause of action on which additional defendant may be held liable, we are nonetheless persuaded that Cogen, Sklar is indeed an inappropriate party to this cause of action and cannot be held liable in this suit on the facts and legal theories pleaded by plaintiff, or on those asserted in defendant's complaint against it.[4]

---

ceipts from plaintiff's clients; Cogen, Sklar knew or should have known that Aron was unfit to perform as a bookkeeper; Cogen, Sklar knew that items were not posted on a current basis, that plaintiff's bank statements reflected checks issued by it returned for insufficient funds, that deposits were made by wire transfer rather than by ordinary deposit; Cogen, Sklar carried a $100,000 certificate of deposit on Yardis' balance sheet after it had been converted by Aron without any attempt to verify the status of the certificate; and Cogen, Sklar prepared financial statements for two consecutive quarters which showed an increase in accounts receivable and a decrease in profit as a percentage of sales.

3. No claim is asserted that the additional defendant is liable over to original defendant on plaintiff's cause of action.

4. The bank's opposition to this motion characterizes it as an untimely objection alleging misjoinder, which, since it was not raised earlier, is waived. As discussed in the text, however, it becomes clear that the issue is not a technicality, but goes to the substance of the litigation. As such, the issue is preserved under Pa.R.C.P. 1032. Summary judgment based upon misjoinder was granted in Nester v. Elicker, 57 D. & C. 2d 674 (1972.)

Judgment in favor of additional defendant is thus granted for the reasons more fully developed hereinafter.

1. Additional defendant cannot be solely liable to plaintiff on plaintiff's cause of action.

Yardis' complaint and amended complaint against the bank narrate allegations which, if proved, could hold the bank liable for conversion of a number of checks payable to Yardis which were paid to Aron's personal account over a forged corporate endorsement: Uniform Commercial Code-Commercial Paper of April 6, 1953, P.L. 3, as amended, 12A P.S. §3-419 (1), reenacted at 13 Pa.C.S.A. §3419(a)(3). While Yardis may have a viable cause of action against the accounting firm on a theory of professional negligence, the cause of action asserted against the original defendant cannot support a finding of sole liability of additional defendant to plaintiff. The theories involved are utterly distinct and unrelated and the issue of the bank's conduct as governed by the Uniform Commercial Code or fundamental tort concepts would be unnecessarily obfuscated by the introduction of the accounting firm's alleged breach of duty to plaintiff. In Schladensky v. Ellis, 442 Pa. 471, 475, 275 A. 2d 663 (1971), the court construed Pa.R.C.P. 2252(a), as it existed prior to the 1969 amendment,[5] to mean that the cause of action on which the original defendant may bring in an additional defendant must still be the cause declared upon by plaintiff in the action against the original defendant: "This means that the original defend-

5. The 1969 amendment, which added the last sentence of the present rule, did not affect the substance of the prior law concerning the potential sole liability of an additional defendant to plaintiff.

ant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background." Accord Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, 66 A. 2d 768 (1949). Such is not the case at bar. The complaint of the bank against Cogen, Sklar brings in entirely different factual issues, lacking proximity in both time and space to the events complained of in Yardis' complaint against defendant bank, as well as lacking kinship of legal theories.

2. Additional defendant and original defendant are not joint tortfeasors.
An additional defendant is commonly joined on the theory that its conduct, along with that of the original defendant, converged in the commission of a single wrong, or that, if independent, it contributed to a single injury to plaintiff. See Lasprozata v. Qualls, 263 Pa. Superior Ct. 174, 397 A. 2d 803 (1979). There, a tortfeasor who originally caused the injury and a physician charged with aggravating or causing a new injury were held not to be joint tortfeasors, the court stated at p. 179, 397 A. 2d at p. 805:

"The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff. While they are two active tortfeasors, they are not acting 'jointly' when using that term in the strict sense."

The legal malpractice suit against the attorney who failed to bring a timely action on behalf of plaintiff against the manufacturers of an allegedly defective product which ultimately injured plain-

tiff in Schladensky v. Ellis, supra, bore no relation to the attorney's complaint joining as additional defendants the manufacturer and the supplier. The Supreme Court at p. 475, reasoned: "[the attorney] does not assert that the additional defendants were responsible for his failure in this regard, or that they in any way hindered or impeded his timely prosecution of the plaintiffs' case against [the manufacturer and the supplier]." In the same manner, the bank cannot assert that Cogen, Sklar's conduct was responsible for its admitted payment of an instrument payable to a corporation into an individual's account over a forged corporate endorsement. The activities of the bank and Cogen, Sklar were totally independent and distinct, negating any possibility of joint or several liability which would give rise to a right of contribution of the bank against Cogen, Sklar.

Both Galdo v. First Pennsylvania Bank, 250 Pa. Superior Ct. 385, 378, A. 2d 990 (1977), and Harker v. Farmers Trust Company, 248 Pa. Superior Ct. 427, 375 A. 2d 171 (1977), relied upon by the bank as authorities for joinder, are distinguishable upon the facts. In Galdo, holders of corporate debentures sued the trustee under the debentures, claiming that the trustee failed to notify them of the corporate issuer's liquidation of assets, thus breaching its fiduciary duties. The trustee joined as additional defendants the former corporate officers of the issuer, who were charged with mismanagement of the corporation and with concealing the financial conditions of the company. The Superior Court reversed the dismissal of the additional defendants from the suit, recognizing that the underlying harm was caused by the poor financial condition of the corporation for which additional defendants were allegedly responsible. In addition, additional

defendants were charged with concealment of the company's poor financial condition, in essence the cause of the trustee's failure to notify plaintiff of the liquidation. Thus, additional defendant could be found solely liable on plaintiff's cause of action as stated, or could be liable over to original defendant, or could be jointly or severally liable to plaintiff. Additional defendants were integrally involved in the factual and legal theories presented by plaintiff, and thus were properly joined under Pa.R.C.P. 2252(a).

In Harker, the trustee of a bankrupt corporation brought an action against the bank for wrongful repossession of corporate assets which were security for bank loans and which caused the corporation to go into bankruptcy. The bank was permitted to join the president-owner of the corporation for wrongful management, claiming that he knew of and consented to the bank's repossession of assets. In reversing the lower court's dismissal of the additional defendant, the court remarked, at p. 430, 375 A. 2d at p. 173:

"The 'cause of action declared upon by the plaintiff' on the pleadings before us is the damage suffered by the corporation from the repossession and sale of its pledged equipment and its inability to complete its outstanding contracts because of the corporation's bankruptcy. The trustee's complaint places responsibility for these losses on the bank and the bank places the responsibility on Lynn F. Myers whom it has joined as an additional defendant. Clearly such averments place the dispute within the parameters of Rule 2252(a) . . ."

In both Galdo and Harker, the allegations against additional defendants, if proved at trial, would negate or diminish the culpability of the original de-

fendant on the cause of action asserted by plaintiff. By contrast, in the instant litigation, proof of Cogen, Sklar's dereliction would in no way affect the propriety of the bank's conduct in honoring the forged instruments. At best, Cogen, Sklar's negligence created a quiescent condition which had no effect on the bank's evaluation and disposition of the negotiable instruments. The activities of the accounting firm and the bank remained separate and distinct, and there was no conduct alleged which would generate joint or several liability.

3. Original defendant does not have a cause of action against additional defendant arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Cogen, Sklar owed no independent duty to the bank, and the bank is not permitted to rely on the duty owed by Cogen, Sklar to plaintiff. See Newman v. Forward Lands, Inc., 418 F. Supp. 134 (E.D. Pa. 1976). Most clearly apposite to the instant facts is Landell v. Lybrand, 264 Pa. 406, 107 Atl. 2d 783 (1919). A shareholder sued the accountants of a corporation, alleging reliance on a false financial report prepared by defendants. The Supreme Court affirmed the lower court's dismissal of the complaint, recognizing the need for a duty running from defendant to plaintiff to support the complaint, and stated at p. 408:

"There were no contractual relations between the plaintiff and defendants, and, if there is any liability from them to him, it must arise out of some breach of duty, for there is no averment that they made the report with intent to deceive him. The averment in the statement of claim is that the de-

fendants were careless and negligent in making their report; but the plaintiff was a stranger to them and to it, and, as no duty rested upon them to him, they cannot be guilty of any negligence of which he can complain: Schiffer v. Sauer Company et al., 238 Pa. 550. This was the correct view of the court below, and the judgment is accordingly affirmed."

In essence, we are compelled to conclude that the liability of First Pennsylvania Bank for conversion will be determined without regard to any acts or omissions of Yardis' accounting firm, and no facts exist upon which to predicate the liability of Cogen, Sklar in this suit.

## ORDER

And now, July 29, 1980, upon consideration of the motion of Cogen, Sklar and Company for summary judgment on the complaint against it filed by defendant First Pennsylvania Bank, and the opposition thereto filed by First Pennsylvania Bank and plaintiff, and following oral argument held July 23, 1980, it is hereby ordered and decreed that said motion is granted and judgment is entered in favor of additional defendant Cogen, Sklar and Company.