## Carlson v. Dunheimer

*Robert Nedwick*, for defendants.
*Joseph M. Loughren*, for additional defendants.

LOUGHRAN, *J.*, December 16, 1980—Plaintiff herein commenced an action in trespass against defendants arising from an auto collision with an auto operated by one of defendants, David Dunheimer. Plaintiff alleged that David Dunheimer was the agent of A.H. Dunheimer, Linda A. Dunheimer and Glenn R. Merlin. Agency was denied by the other defendants. All of the Dunheimers requested the insurer of Glenn R. Merlin, the owner of the auto driven by David Dunheimer, to defend and the insurer, Ohio Casualty refused. Defendants, David Dunheimer, A.H. Dunheimer, and Linda A. Dunheimer, filed a complaint to join Ohio Casualty Corp. and Ohio Casualty Insurance Co., hereinafter referred to collectively as Ohio Casualty, as additional defendants. Ohio Casualty filed preliminary objections stating that the joinder is not proper and could be determined either by declaratory judgment or by garnishment proceedings upon entry of judgment in the original action.

The question before the court is: May an insurance carrier which was neither directly nor indirectly culpably involved in the underlying incident

giving rise to the plaintiff's tort action (a collision between two vehicles on June 16, 1975) be joined under Pa.R.C.P. 2252(a) as an additional defendant on a claim sounding in assumpsit solely because it was the insurance liability carrier of the alleged tortfeasor? Pa.R.C.P. 2252(a) reads, in pertinent part: "In any action the defendant or any additional defendant may . . . join as an additional defendant any person . . . who may be alone liable or liable over to him *on the cause of action* declared upon *by the plaintiff* or jointly or severally liable *thereon* with him, or who may be liable to the joining party on any cause of action which he may have against the joined party *arising out of* the transaction or occurrence or series of transactions or occurrences *upon which the plaintiff's cause of action is based.*" (Emphasis supplied.) This subsection has recently been dissected and analyzed in Harker v. Farmers Trust Company, 248 Pa. Superior Ct. 427, 429-30, 375 A. 2d 171, 173 (1977), as follows:

"The Rule authorizes the joinder of an additional defendant under any of three circumstances: (1) if the additional defendant is averred to be the party liable on the plaintiff's cause of action, or (2) if the additional defendant is averred to be jointly and severally liable with the defendant on the plaintiff's cause of action, or (3) if the additional defendant is liable to the party joining it as a defendant on a cause of action arising out of the transaction or occurrence upon which the plaintiff's cause of action is based.

"Rule 2252 is remedial in nature, designed to facilitate the adjudication in a single action of the rights of all parties growing out of a single situation. The objective of the Rule is to avoid multiplicity of suits, thereby saving time and money for both

litigants and the courts. In view of its objectives, it has been held that the Rule should be liberally construed and 'the cause of action declared upon by the plaintiff' broadly interpreted: (Cases and authority cited). It is said in Goodrich-Amram [§2252(a)-5-6] that 'this broad construction of "causes of action declared upon by plaintiff" has been uniformly observed.'"

Additional defendant insurance carriers in the instant case were mere passive entities which were not implicated in any direct or indirect manner in the incident which befell plaintiff, Arthur Carlson, Jr., on Westland Drive, Hempfield Township, Pa., on June 16, 1975 at 6:45 p.m.. It does not appear that insurance carriers are subject to vicarious culpability, whether it be on a principal-agent or respondeat superior theory.

We are of the view in this instance that insurers are passive entities who in no manner contributed to the injury or losses sustained. We are, therefore, compelled to sustain additional defendant insurance carriers' preliminary objections to their joinder.

In addition to reasons already alluded to herein an additional question arises and that is: Should joinder of a general liability insurance carrier be permitted in view of the Pennsylvania precedent against the joinder of an insurer and the precautions taken to prevent the disclosure of insurance coverage in the trial of an action? Szemanski v. Vulcan Materials Company, _____ Pa. Superior Ct. _____, 415 A. 2d 92 (1979), held that the joinder of an express indemnitor was proper because of the 1969 amendment to Pa.R.C.P. 2252. The Superior Court rejected prior Pennsylvania policy forbidding joinder of an express indemnitor and in its discus-

sion reviewed the past policy which prohibited a jury from learning of the existence of liability insurance. There is strong dictum in the discussion that as our jurors are now sophisticated and assume the existence of liability insurance perhaps the forbidden policy should be laid to rest. The Superior Court, however, did not decide this issue squarely and, therefore, let the policy of nonjoinder as to general insurers stand. Since the Superior Court failed to answer the question after a lengthy discussion we cannot ignore the strong precedent discussed in Szemanski and accordingly must grant the objections of the additional defendants for this additional reason.

Lastly, we do not comprehend that should any of the defendants ultimately be found liable that any of these parties would be prejudiced. For should Arthur Carlson, Jr., plaintiff, prevail and further should the defendants singularly or together be answerable on damages on account thereof, then the prevailing party would be in the position of simply issuing a writ of attachment execution and summoning the insurance carrier as garnishees in attachment (see Pa.R.C.P. 3101 et seq.) or possibly through a declaratory judgment proceeding. Hence, the noninclusion of the liability insurance carrier as a party to the present litigation is nonprejudicial.

Wherefore, the court enters the following

### ORDER

And now, December 16, 1980, the preliminary objections of the additional defendants are hereby granted and the additional defendants are dismissed from the present action.